KYLE J. KAISER (13924)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: kkaiser@agutah.gov

*Attorneys for Defendant Utah Valley University*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRAVIS CRACRAFT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UTAH VALLEY UNIVERSITY, a public university; JARED LESSER dba JL HOME DESIGN<br><br>Defendants. | **MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**<br><br>Case No. 2:19-CV-00124-TC<br><br>Judge Tena Campbell |

# TABLE OF CONTENTS

MOTION............................................................................................................................... 1

MEMORANDUM OF LAW ................................................................................................. 2

   INTRODUCTION ............................................................................................................. 2

   FACTUAL ALLEGATIONS ............................................................................................ 3

   LEGAL STANDARDS ..................................................................................................... 7

     Motion to Dismiss Generally ....................................................................................... 7

     Statutes of Limitations ................................................................................................. 9

     Heightened Pleading Standards for Civil RICO Claims .............................................. 9

   LEGAL ARGUMENT ...................................................................................................... 10

    1.   Any Claims That May Be Discerned from the Amended Complaint Are Barred by the Relevant Statutes of Limitations. .................................................................................. 10

      1.1.   Civil RICO ................................................................................................. 10

      1.2.   Patent Infringement .................................................................................... 14

      1.3.  Other Claims Which Are Not Pleaded But Are Alluded to in Cracraft's Prayer for Relief, Including Unjust Enrichment or Damage to Reputation. ........................... 15

    2. Cracraft's Amended Complaint Fails to Particularly State a Claim Against UVU. ......... 16

      2.1.   Cracraft's Civil RICO Claim Fails. .......................................................... 16

        2.1.1. Conduct ................................................................................................... 17

        2.1.2. An Enterprise .......................................................................................... 18

        2.1.3. Through A Pattern .................................................................................. 19

        2.1.4. Of Racketeering Activity ........................................................................ 19

      2.2.   Any Implied Patent Infringement Cause of Action Fails ............................... 20

      2.3.   Any State Tort Claim Fails. ....................................................................... 20

    3.   The Claims Should Be Dismissed With Prejudice. .................................................... 21

   CONCLUSION ................................................................................................................. 22

# TABLE OF AUTHORITIES

Page(s)

Cases

*A. Stucki Co. v. Buckeye Steel Castings Co.*,
  963 F.2d 360 (Fed. Cir. 1992) ............................................................. 14

*Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*,
  483 U.S. 143 (1987) ............................................................................. 11

*Aldrich v. McCulloch Props, Inc.*,
  627 F.2d 1036 (10th Cir. 1980) ............................................................. 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................... 7, 20

*Bache Halsey Stuart Shields, Inc., v. Tracy Collins Bank & Trust Co.*,
  558 F. Supp. 1042 (D. Utah 1983) ....................................................... 17

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................. 7

*Burnham v. Humphrey Hosp. Reit Tr., Inc.*,
  403 F.3d 709 (10th Cir. 2005) ............................................................. 15

*C.G. v. City of Ft. Lupton*,
  No. 13-cv-01053-REB-CBS, 2014 WL 2597165 ................................ 22

*Casanova v. Ulibarri*,
  595 F.3d 1120 (10th Cir. 2010) ............................................................. 8

*Concrete Prods. Co. v. Salt Lake Cnty.*,
  734 P.2d 910 (Utah 1987) .................................................................... 20

*Dummar v. Lummis*,
  543 F.3d 614 (10th Cir. 2008) ....................................................... 12, 13

*Farlow v. Peat, Marwick, Mitchell & Co.*,
  956 F.2d 982 (10th Cir. 1992) ......................................................... 9, 17

*Foster Poultry Farms v. Rapidpak-MP Equip., Inc.*,
  868 F. Supp. 2d 983 (E.D. Cal. 2012) ................................................... 4

*Fund, LLC*,
  749 F.3d 1180 (10th Cir. 2014) ........................................................... 21

*Gee v. Pacheco*,
  627 F.3d 1178 (10th Cir. 2010) ................................................. 7, 14, 21

*Guaranty Trust Co. of New York v. York*,
  326 U.S. 99 (1945) .............................................................................. 15

*Hall v. Bellmon*,
  935 F.2d 1106 (10th Cir. 1991) ............................................................. 8

*Hall v. Witteman*,
  584 F.3d 859 (10th Cir. 2009) ............................................................... 7

*Hay & Forage Indus. v. New Holland N. Am., Inc.*,
  25 F. Supp. 2d 1170 (D. Kan. 1998) ............................................. 4, 5, 6

*In re Phar-Mor, Inc. Sec. Litig.*,
   900 F. Supp. 777 (W.D. Pa. 1994)..................................................... 17
*In re Urethane Antitrust Litig.*,
   663 F. Supp. 2d 1067 (D. Kan. 2009) .................................................. 9
*Klehr v. A.O. Smith Corp.*,
   521 U.S. 179 (1997)......................................................................... 17
*Leverington v. City of Colo. Springs*,
   643 F.3d 719 (10th Cir. 2011) ............................................................ 7
*Maio v. Aetna, Inc.*,
   221 F.3d 472 (3d Cir. 2000)............................................................. 17
*Mathews v. Kidder, Peabody & Co.*,
   260 F.3d 239 ................................................................................... 17
*Ogden v. San Juan Cty.*,
   32 F.3d 452 (10th Cir. 1994) .............................................................. 8
*Oman v. Davis Sch. Dist.*,
   2008 UT 70, 194 P.3d 956 ................................................................ 21
*Peak Alarm Co., v. Werner*,
   2013 UT 8 ....................................................................................... 16
*Phillips USA, Inc. v. Allflex USA, Inc.*, No.,
   92-2405-JWL, 1993 WL 191615 (D. Kan. May 21, 1993) .................. 17
*Robert L. Kroenlein Tr. ex rel. Alden v. Kirchhefer*,
   764 F.3d 1268 (10th Cir. 2014) ............................................. 11, 12, 13
*Rotella v. Wood*,
   528 U.S. 549 (2000)......................................................................... 11
*Sierra Club v. Okla. Gas & Elec. Co.*,
   816 F.3d 666 (10th Cir. 2016) ............................................................ 9
*Slocum v. Corp. Exp. U.S., Inc.*,
   446 F. App'x 957 (10th Cir. 2011) .................................................... 21
*St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*,
   605 F.2d 1169 (10th Cir. 1979) ....................................................... 6, 8
*Tal v. Hogan*,
   453 F.3d 1244 (10th Cir. 2006) .................................................... 17, 18
*Tatten v. City & Cty. of Denver*,
   730 F. App'x 620 (10th Cir. 2018) ...................................................... 8
*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007).......................................................................... 8
*Yruegas v. Vestal*,
   356 F. Supp. 2d 1238 (D.N.M. 2004) (dismissing.............................. 14

Statutes

18 U.S.C. § 1951(b)(2) ........................................................................ 19
18 U.S.C. § 1961 ................................................................................. 17
18 U.S.C. § 1961(1) ............................................................................ 18

18 U.S.C. § 1961(4) ........................................................................................ 18
18 U.S.C. § 1961(5) ........................................................................................ 19
18 U.S.C. § 1962 ...................................................................................... 11, 17
18 U.S.C. § 1964 ............................................................................................. 9
18 U.S.C. § 1964(c) .................................................................................. 10, 17
35 U.S.C. § 271 ............................................................................................. 20
35 U.S.C. § 286 ............................................................................................. 14
Utah Code § 63G-7-201(4), (10) ................................................................... 15

Rules

Fed. R. Civ. P. 10(c) ....................................................................................... 8
Fed. R. Civ. P. 12(b) ....................................................................................... 9
Fed. R. Civ. P. 12(b)(6) ............................................................................... 1, 7
Fed. R. Civ. P. 41(b) ..................................................................................... 21
Federal Rule of Civil Procedure 9(b) .............................................................. 9

Other Authorities

DUCivR 7–1(a) ......................................................................................... 1, 23

# MOTION

Defendant Utah Valley University, by and through counsel Kyle Kaiser, Assistant Utah

Attorney General, and under DUCivR 7–1(a) and Fed. R. Civ. P. 12(b)(6), submits this Motion

to Dismiss the Amended Complaint filed by pro se Plaintiff Travis Cracraft and a Memorandum

of Law in Support. The bases of the motion include:

- The statute of limitations would bar any claim brought by Cracraft.

- Cracraft fails to state a claim against UVU, regardless of how the Court construes the

  Complaint.

  - Cracraft fails to plead with particularity and state all necessary facts for the

    critical elements of a civil RICO Claim.

  - Cracraft cannot plead any facts supporting a patent infringement or similar

    intellectual property claim.

  - Cracraft has not pleaded any facts supporting any common-law claim alluded

    to in his request for relief.

For these reasons, as more fully described in the Memorandum of Law below, UVU

requests that Cracraft's Amended Complaint be dismissed with prejudice.

## **MEMORANDUM OF LAW**

### **INTRODUCTION**

The factual and legal allegations in Plaintiff Travis Cracraft's Amended Complaint are hard to parse.  Plaintiff Travis Cracraft was a student at UVU from 2003-2012. It appears that he alleges that his answer on a quiz was stolen and separately patented (by an unrelated third party) in South Korea and later in the United States; that instructors in his other classes demanded that he relinquish his intellectual property rights to submissions he made for their classes; and, that at some time, a lawyer unaffiliated with UVU met with him in a "dimly lit room" and required he sign some sort of release document as a purported graduation requirement. He also makes allegations against his former employer, co-defendant Jared Lesser d/b/a JL Home Designs, who is entirely unrelated to UVU.  All of these things happened in 2012 or earlier.

About a year ago, Cracraft filed a complaint in this Court, *Cracraft v. Utah Valley Univ.*, 2:19-cv-00124-TC, asserting similar, vague allegations about his intellectual property rights and conspiracies. He sought to hold UVU liable for $300 million. After UVU filed a Motion to Dismiss in that case, Cracraft dismissed all claims without prejudice.

Cracraft then filed the present complaint on June 7, 2019; effectuated service on UVU nearly a year later, on May 7, 2020; and submitted an amended complaint on June 2, 2020. Cracraft's new complaint, as amended, contains a few new facts and allegations, but is essentially the same as the original complaint in this case and the complaint in his original case. As before, the actual legal claims Cracraft seeks to proceed under are opaque—he lists the civil RICO statute as the basis for federal jurisdiction, but also mentions intellectual property infringement and lists remedies that relate to common-law torts. However, as in the previous

2

case, these claims are still barred by the statute of limitations and fail to state plausible claims under the relevant legal standards. The few new facts alleged by Cracraft in the Amended Complaint do not change the analysis.

Accordingly, Cracraft's Amended Complaint against UVU must be dismissed with prejudice. All facts in the Complaint occurred between 2003-2012. Regardless of the claims the Complaint attempts to make, the statute of limitations has passed on any civil claims that may have arisen from UVU's actions during those years. Aside from the statutes of limitations, Cracraft's allegations do not state any plausible claim for relief, either under civil RICO, intellectual property law, or common law. Because Cracraft cannot plead a plausible cause of action, and because Cracraft has been given multiple attempts to do so, his claims against UVU should be dismissed with prejudice.

## FACTUAL ALLEGATIONS

The following facts, taken from Cracraft's Amended Complaint and from sources that may be judicially noticed, form the basis of UVU's motion:[1]

> ***Cracraft, a computer science student at what is now known as UVU, submits answers to quizzes, tests, and assignments.  He claims that he was required to relinquish his intellectual property rights in the submissions.  In one instance, he claims that an unrelated third-party received a patent for a computer algorithm he described in an answer to a quiz question, with no proof of any relation between the patentee and UVU.***

1.      Travis Cracraft enrolled in a course during the spring semester of 2003 while he was a student at Utah Valley State College (now UVU). Compl. ¶ 1.

---

[1] UVU treats these facts as true for the purpose of this motion only.  UVU disputes the veracity of many of the facts contained in the Amended Complaint.

2.      Cracraft took a quiz and provided an answer to a question that described an algorithm. *Id*.

3.      The instructor for the class critiqued Cracraft's answer, citing deficiencies known to Cracraft.

4.      The algorithm Cracraft described in his quiz answer allegedly functioned nearly identically to an algorithm that was patented in South Korea a few months after Cracraft took his quiz. *Id.* ¶¶ 4, 11.  The same algorithm was later patented in the United States in 2008 as U.S. Patent No. 7,437,054.  *Id.* ¶ 12.[2]

5.      Cracraft alleges that the patented algorithms were "derived from" the answer to his quiz question.  *Id.* ¶ 5.  But Cracraft does not allege that anyone from UVU had any connection to, or communication with, the patentees of either of the patents. The Amended Complaint does not contain any pleaded facts showing how the patentees "derived" their patent "from" Cracraft's answer.  *See generally id.*

6.      Cracraft made a habit of criticizing UVU in his coursework, including in English classes he had to take as part of his computer science major. *Id*. ¶¶ 6–7.

7.      He complains that he received an "A-" grade on a substandard paper in an English class and was warned not to complain. *Id.* ¶ 7.  He alleges that he was repeatedly required to

---

[2] The Court may take judicial notice of the existence and contents of the '054 patent, entitled "Apparatus and method for controlling reverse-play for digital video bitstream," for the purposes of this case.  *See Foster Poultry Farms v. Rapidpak-MP Equip., Inc.,* 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012)* (judicially noticing a patent and its filing date to evaluate a motion to dismiss contract and quasi-contract-related claims); *Hay & Forage Indus. v. New Holland N. Am., Inc.,* 25 F. Supp. 2d 1170, 1175 n.2 (D. Kan. 1998)* (citing cases and taking judicial notice of other patents to construe claims of the patent-in-suit as part of the *Markman* claim-construction process).

"relinquish the intellectual property rights" to the work he submitted in response to the required

assignments and tests in English classes that were required for his major.  *Id.* ¶¶ 14, 16–18.  He

also alleges that he was subject to a search on his way to a class.  *Id.* ¶ 13.

8.      All of these events took place from 2003 through 2011.  *Id.* ¶ 1–18.

***In 2012, Cracraft attends a "mandatory" meeting with an attorney not employed by UVU; four years later, UVU confirms the attorney did not represent and was not affiliated with UVU or the Utah Attorney General's Office.***

9.      Cracraft contends that, in 2012, he received an email "that originated from a

legal.uvu.edu email server," instructing him to be at a mandatory meeting.  At this meeting,

Daniel Van Woerkom, an attorney, allegedly told him that he had been asked to be there by

"multiple people at the Utah State Attorney General's Office and that the Attorney General's

Office represented the UVU."  *Id*. ¶ 20.  He was told that "UVU wouldn't graduate students who

believed that the school had done anything illegal."  *Id.* He was required, while sitting in a

"dimly lit room" to "sign something [he] couldn't read" in order to be able to graduate.  *Id*. ¶ 21.

No other student was required to sign any such document.  *Id*. ¶ 23.  Cracraft does not have a

copy of the document, nor does he allege what was in the document.  *Id*. ¶¶ 21–23.

10.       In April 2016, an employee of the UVU Office of General Counsel confirmed via

e-mail that Mr. Van Woerkom did not work for the Attorney General's Office or UVU, that the

office was unaware of the referenced documents signed by Cracraft, and that no UVU attorneys

had ever met with Cracraft. *Id.* ¶ 25–26.

***Cracraft works for Jared Lesser d/b/a JL Home Designs.  UVU and Lesser have no connection. UVU provides survey questions to Cracraft about his employment with Lesser***.

11.      In 2004, Cracraft began working for Jared Lesser, doing business as either JL

Home Design or Custom Home Plans, Inc. *Id*. ¶ 8.

12.     In 2006, Lesser had Cracraft sign a backdated document to "anytime in 2002" that said the intellectual property he would create would belong to the company. *Id*. ¶ 8.

13.     Cracraft argued to Lesser that only intellectual property created within the scope of his employment should belong to the company. Lesser said that is what the document meant. *Id.* ¶ 8.

14.     In 2006, Cracraft received surveys from Utah Valley State College inquiring about his employment status. *Id.* ¶ 9.

15.     The surveys asked Cracraft to describe any intellectual property developed by him that was owned by his employer. *Id*. ¶ 9. The surveys had insufficient options to describe the nature of the agreement he had with his employer. *Id.*

16.     Cracraft does not allege any relationship with or communication between anyone at UVU with Lesser or Lesser's business(es). Cracraft alleges a relationship between Van Woerkom and Lesser, claiming that Van Woerkom had done legal work for Lesser. *Id*. ¶ 23.

   ***Cracraft sues UVU over the same allegations in 2019; he voluntarily dismisses the complaint without prejudice and refiles it in this action.***

17.     Cracraft filed an initial complaint in a separate case on February 22, 2019. Compl. (Doc. 1), *Cracraft v. Utah Valley Univ.*, 2:19-cv-00124-TC.[3]

18.     After UVU filed a motion to dismiss in case 2:19-cv-00124-TC, Cracraft entered a Notice of Voluntary Dismissal of the claims against UVU.  Cracraft then filed a Motion to

---

[3] The Court may take judicial notice of the existence of the prior case, and the filings and proceedings contained in it, in reviewing the motion to dismiss. *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

Dismiss, requesting the Court dismiss his remaining claims without prejudice, noting his intent to file an updated complaint, which the Court granted.

19.      Cracraft filed the complaint in the present case on June 7, 2019.

20.      On May 7, 2020, Cracraft served the complaint on UVU. He filed an Amended Complaint on June 2, 2020.

## LEGAL STANDARDS

### *Motion to Dismiss Generally*

UVU moves to dismiss the case under Federal Rule of Civil Procedure 12(b)(6).  In reviewing a 12(b)(6) motion to dismiss, the court assumes the truth of well-pleaded facts and draws reasonable inferences in a light most favorable to the plaintiff. *E.g.*, *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011). But a claim survives only if "there is plausibility in the complaint." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citations and quotations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Threadbare recitals of elements, facts "merely consistent" with liability, "labels and conclusions," or "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are insufficient. *Iqbal*, 556 U.S. at 678; *Leverington*, 643 F.3d at 723 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Gee v. Pacheco*, 627 F.3d 1178, 1184–85 (10th Cir. 2010)  (citations and quotations omitted); *Hall*, 584 F.3d at 863 (citations and quotations omitted).

In reviewing a motion to dismiss, the Court may rely on the facts as alleged in the complaint, but may also rely on all documents adopted by reference in the complaint, documents attached to the complaint, or facts that may be judicially noticed. *See* Fed. R. Civ. P. 10(c); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991). In the context of a motion to dismiss, this Court may take judicial notice of a court docket and filings. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

On a motion to dismiss, a pro se litigant's pleadings are liberally construed. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). However, this liberal construction does not "relieve a pro se plaintiff of his burden to present sufficient facts to state a legally cognizable claim, nor will the court act as his advocate and make his arguments for him." *Tatten v. City & Cty. of Denver*, 730 F. App'x 620, 624 (10th Cir. 2018), cert. denied sub nom. *Tatten v. City & Cty. of Denver, Colo.*, No. 18-595, 2019 WL 113177 (U.S. Jan. 7, 2019).[4] Further, "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure" in composing a proper Complaint. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

---

[4] Copies of all cases not published in an official reporter will be provided to the pro se plaintiff.

### Statutes of Limitations

UVU also raises timeliness defenses under the applicable statutes of limitations. "While the statutes of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished," then a statute of limitation defense "may appropriately be resolved on a Fed. R. Civ. P. 12(b) motion." *Aldrich v. McCulloch Props, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (reviewing a statute of limitations dismissal when plaintiffs asserted that the period was tolled); *accord Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (addressing statutes of limitation in 12(b) motions in general).

### Heightened Pleading Standards for Civil RICO Claims

Finally, a heightened pleading standard likely governs this motion. The legal basis for relief in Cracraft's complaint is opaque, but he cites to 18 U.S.C. § 1964, allowing for civil remedies for violations of the Racketeer Influenced and Corrupt Organizations (RICO) laws. *See* Compl. at 2, Basis for Jurisdiction. To the extent that Cracraft actually seeks to state a civil RICO claim, such a claim is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 989 (10th Cir. 1992). Rule 9(b) raises the pleading standards for such "special matters" requiring that they be pleaded "with particularity." "Under Rule 9(b), plaintiffs must sufficiently allege each element of a RICO violation and its predicate acts of racketeering with particularity, a requirement justified by the threat of treble damages and injury to reputation." *Id.* (citation and quotation marks omitted). "The Tenth Circuit has ruled that merely conclusory allegations that a conspiracy exists is not sufficient to state a claim under *Twombly*." *In re Urethane Antitrust Litig.*, 663 F. Supp. 2d 1067, 1074 (D. Kan. 2009).

## LEGAL ARGUMENT

This complaint should be dismissed with prejudice.  The statutes of limitations have expired on any claim, and the one factual allegation that has happened within any applicable statute of limitations period—UVU's communication that Van Woerkom didn't work for UVU—doesn't revive Cracraft's untimely claims.

Even if the statutes of limitations haven't expired, Cracraft's allegations—that his answer to a quiz question 17 years ago became a patented algorithm by a third party, he was forced to relinquish his intellectual property rights to his submissions in classes, and he was required to sign some document presented by someone not affiliated with UVU—do not state any claim for relief.  They do not state a RICO civil conspiracy, they do not state a claim for any intellectual property violation, and they do not state a common-law claim (if he even attempted to plead one). His unsupported, conclusory allegation that UVU has somehow extorted him out of his intellectual property and profited from it is not the stuff of a RICO claim, and Cracraft has not, and cannot, plead particular facts to cross the plausibility threshold.  And because this is his third bite of the apple, he should not be allowed to try again.

1. **Any Claims That May Be Discerned from the Amended Complaint Are Barred by the Relevant Statutes of Limitations.**

As a threshold matter, Cracraft's Amended Complaint should be dismissed, as the claims, no matter how construed, are barred by the relevant statute of limitations.

### 1.1.   *Civil RICO*

The Complaint alleges that jurisdiction falls under the civil RICO statute, 18 U.S.C. § 1964(c).  *See* Compl. (Doc. 1). That statute provides a private right of action for anyone injured

by a person who has violated 18 U.S.C. § 1962, which criminalizes profiting from racketeering activity.

Civil RICO claims are subject to a four-year limitations period. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987). Generally, a civil RICO claim accrues, and the limitations period begins to run, as soon as the injury occurs, even if undiscovered. *Rotella v. Wood*, 528 U.S. 549, 558 (2000) (rejecting any accrual rule that would be "softened by a pattern discovery"); *see also Robert L. Kroenlein Tr. ex rel. Alden v. Kirchhefer*, 764 F.3d 1268, 1275 (10th Cir. 2014).  Strong policy reasons exist to apply the injury-occurrence rule. In *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, the U.S. Supreme Court applied the Clayton Act's statute of limitations to civil RICO claims because of its close analogy to the RICO statute. 483 U.S. 143, 156 (1987). Importantly, under the Clayton Act, an injury accrues when it occurs, not from the time it is discovered by the plaintiff. *Rotella*, 528 U.S. at 557 (2000).

The Tenth Circuit has nonetheless left open the possibility that in "the 'exceptional case' where a 'reasonably diligent plaintiff could not immediately know of the injury and its cause,'" that the statute of limitations for civil RICO claims might be subject to an "injury-discovery rule," delaying the accrual of the limitations period. *Kirchhefer*, 764 F.3d at 1276 (citation omitted). However, in those "exceptional cases," the injury-discovery rule protects only the litigants who are "blamelessly unaware of their claim because the injury has not yet manifested itself or because the facts establishing a causal link between the injury and the cause of the injury are in the control of the [defendant] or otherwise not evident." *Id.* at 1277.

11

"Even if a discovery accrual rule applies, discovery of the *injury*, not discovery of the other elements of a claim, is what starts the clock." *Dummar v. Lummis*, 543 F.3d 614, 621 (10th Cir. 2008) (emphasis added).  And when a plaintiff is on "inquiry notice" – i.e., when "circumstances exist that would lead a reasonably [plaintiff] of ordinary intelligence, through the exercise of reasonable due diligence, to discovery his or her injury" – the statute of limitations begins to run.  *Kirchhefer*, 764 F.3d at 1280 (internal quotations omitted).

Any RICO claims Cracraft presumably seeks to bring are barred under either statute of limitations rule the Court may apply.  Cracraft's Amended Complaint does not specifically state what his injury is exactly, much less when it was, or could have been, discovered.  But assuming that his claim relates to the alleged patenting of his allegedly originally created algorithm or when UVU employees allegedly required him to disclaim his intellectual property rights in his other classes, his injury occurred in:

- 2003, when his IP was allegedly patented by someone else;

- 2008, when his IP was allegedly patented in the United States;

- 2011, when he was allegedly forced to agree to relinquish the intellectual property in his responses to assignments and quizzes in his English classes; or

- 2012, when he attended the "mandatory meeting" where he was allegedly forced to sign something he did not read in order to graduate.

If Cracraft's civil RICO claim is subject to the injury-occurrence rule, the limitations period expired in 2016 at the latest. Similarly, even if the injury-discovery rule applies, the limitations period has expired. Cracraft would have been on inquiry notice when the South Korean patent was published, "a few months" after Cracraft took his quiz in 2003; or when he

12

was suspicious about his ownership of IP rights in 2006; or when a United States patent was issued for his alleged intellectual property in 2008; or when UVU required him to give up his intellectual property as part of taking classes; or when he was allegedly forced to sign a document he had not read, after already being concerned about IP rights, in 2012.

Cracraft preemptively argues in his Amended Complaint that his case is timely because he did not "look outside of UVU" until April 2016, when UVU told him that his alleged meeting in a dimly lit room was not authorized by UVU.  Compl. at 8. He even appears to claim that the statute of limitations has just begun to run because it was when he was writing his complaint that he "realized that the reason for the extortion … was most likely to create some kind of throw-away injuries that [he] wouldn't complain about to get a degree."  Compl. at 7.

But the statute of limitations does not begin to run when Cracraft subjectively "realizes" the alleged actions of UVU were nefarious.  *See Dummar*, 543 F.3d at 621. Rather, the test is when facts would put a reasonable person of ordinary intelligence on notice to discover his injury. *Kirchhefer*, 764 F.3d at 1280. At most, this can be considered an *element* of his legal claim, not notice of actual injury, and the injury discovery rule (even if it applies, which it does not in this case) would not save Cracraft's purported RICO claims.

If all these facts were true—instructors criticizing patentable ideas, instructors inflating grades to prevent Cracraft from complaining about accreditation, computer programs required by his UVU instructors that demanded relinquishment of IP rights, searches, secret meetings in dimly lit rooms with an attorney impersonating UVU personnel[5]—then they actually put him on

---

[5] Of course, UVU denies these facts.  And Cracraft pleads nothing more than conclusions to tie them all together For example, Cracraft implies that because Mr. Van Woerkom did not work for UVU, that this was proof that UVU and the Utah Attorney General's office had worked with Mr.

notice, long ago, of his claim that UVU was allegedly extorting him for his intellectual property rights and "intentionally profit[ting]" from them.  At the very latest, Cracraft's claims accrued in 2012, and his 2019 filing is 3 years too late.

Cracraft's time-barred civil RICO claims should be dismissed with prejudice.  *See* Gee v. Pacheco, 627 F.3d 1178, 1193, 1195 (10th Cir. 2010) (affirming dismissal of claims that were time-barred without providing plaintiff leave to amend because any amendment would be futile); Yruegas v. Vestal, 356 F. Supp. 2d 1238, 1243 (D.N.M. 2004) (dismissing "plainly time-barred" causes of action with prejudice).

### 1.2.    *Patent Infringement*

Because Cracraft makes allegations about his intellectual property, confusion about ownership, and subsequent uses of the intellectual property, it is possible that Cracraft intends to sue for patent infringement or some other patent-related claim. Construing the Amended Complaint that way, such a claim would also be barred by the statute of limitations.

An action for patent infringement must be brought within six years of the date of the infringement. 35 U.S.C. § 286. There are no equity-based exceptions to the limitations period. *A. Stucki Co. v. Buckeye Steel Castings Co.*, 963 F.2d 360, 363 (Fed. Cir. 1992).

While it is unclear what injury Cracraft complains of and when it occurred, no fact stated in the Amended Complaint occurred within the past six years. The Amended Complaint does not explicitly allege when the injury occurred but implies that it occurred in 2003 based on the 16

---

Van Woerkom to "extort" a signature from him. Cracraft fails to claim that the signature obtained had anything to do with his IP rights because he did not read it nor does he know what it entailed. Additionally, Cracraft pleads no facts that connect UVU to Mr. Van Woerkom or the alleged email address that Mr. Van Woerkom used.

years of compound interest calculation in the Amended Complaint. Compl. (Doc. 1). Cracraft

additionally appears to be suing for potential patent infringement for other unnamed instances of

intellectual property created in his time at UVU. These additional claims would also fall outside

of the 6-year statute of limitations. Although the Amended Complaint does not explicitly state

when he graduated, based on the statement "[n]earing graduation" in his description of the 2012

clandestine meeting, Cracraft graduated in 2012. At the latest, his additional claims for patent

infringement would have expired in 2018. Because of the gap in time, Cracraft cannot recover

any damages based on infringement, and any claim based on infringement of intellectual

property should be dismissed.

### 1.3.    Other Claims Which Are Not Pleaded But Are Alluded to in Cracraft's Prayer for Relief, Including Unjust Enrichment or Damage to Reputation.

In generously construing the complaint in the light most favorable to the pro se Plaintiff,

the Court may construe Cracraft's statement in the "Relief" section, requesting $300 million for

"unjust enrichment … ongoing loss of opportunity and damage to my credibility…" as invoking

the common-law torts of unjust enrichment or defamation. Assuming that is the case, these

claims are also time-barred.

Federal courts exercising supplemental jurisdiction apply state substantive law, including

state statutes of limitation. *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 712 (10th

Cir. 2005) (citing *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109-10 (1945)).

Because Cracraft is suing Utah Valley University, a governmental entity of the State of Utah, *see*

Utah Code § 63G-7-201(4), (10), Cracraft would have had to file a notice of claim within a year

of his claim accruing, and would have had to file a suit no later than one year and 60 days after

filing the notice of claim.  *See Peak Alarm Co., v. Werner*, 2013 UT 8, ¶¶ 17, ¶¶ 16, 25–26. Even assuming that Cracraft filed a timely notice of claim (he did not), the latest he could have filed suit for any state torts would have been May 2014.  His February 2019 filing is far too late.

Even liberally construing Cracraft's complaint to consider all possible claims he could be bringing; all such claims are barred by the statute of limitations and should be dismissed with prejudice.

### 2. Cracraft's Amended Complaint Fails to Particularly State a Claim Against UVU.

In addition, even under the most liberal reading, Cracraft's Amended Complaint fails to make a plain statement of any recognized cause of action. To the extent that Cracraft actually seeks to hold UVU liable for civil RICO, the Amended Complaint cannot withstand scrutiny under the heightened pleading requirements for conspiracy under Rule 9. And for any claim he has made in general, he has failed to show both damages and causation, i.e., how UVU harmed him and why he is entitled to any relief.

Cracraft seeks $300 million from the defendants based on an "especially egregious" conspiracy, which lasted several years and was accomplished through the "authority" of the defendants. Compl. (Doc. 1). Cracraft asks the Court to fill in the enormous gaps in his reasoning without stating sufficient factual allegations to allow the Court to do so. He fails to plead any plausible claim under any cause of action and fails to plead with particularity facts showing each element of a civil RICO claim.  The Amended Complaint should be dismissed on its merits.

### 2.1. *Cracraft's Civil RICO Claim Fails.*

The Amended Complaint puts forward the Racketeer Influenced and Corrupt Organizations Act (RICO) as the basis for jurisdiction. Compl. (Doc. 1). The RICO statute

prohibits "conducting an enterprise's affairs through a pattern of racketeering activity." *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 183 (1997) (citing 18 U.S.C. § 1962). The statute provides a civil remedy to an individual who is injured "in his business or property by reason of a violation" of RICO's criminal provisions. §1964(c). "To survive a Rule 12(b)(6) motion, a civil RICO claim must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Phillips USA, Inc. v. Allflex USA, Inc.*, No. 92-2405-JWL, 1993 WL 191615, at *2 (D. Kan. May 21, 1993) (citing *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 989 (10th Cir.1992)) (not selected for publication). When a plaintiff seeks damages under the civil RICO statute, a plaintiff must plead the predicate acts of racketeering with particularity. *Farlow*, 956 F.2d at 989. The Amended Complaint fails to meet even the bare minimum "plausibility" standard, much less the particularity required for a civil RICO claim.

### 2.1.1.   Conduct

To state a claim under RICO, Cracraft must plead that UVU has committed two or more *indictable* acts that injured him in his business or property and constitute racketeering under 18 U.S.C. § 1961. *See In re Phar-Mor, Inc. Sec. Litig.*, 900 F. Supp. 777, 781 (W.D. Pa. 1994) ("To state a RICO claim, a private plaintiff must allege that he or she suffered an injury in his business or property by reason of a violation of 18 U.S.C. § 1962. 18 U.S.C. § 1964(c)."); *see also Mathews v. Kidder, Peabody & Co.*, 260 F.3d 239, 246 n. 9 (3d Cir. 2001) (citing *Maio v. Aetna, Inc.*, 221 F.3d 472 (3d Cir. 2000) ("A plaintiff lacks standing to bring a RICO claim unless he has suffered a concrete financial loss."). "[A] party must allege two acts of 'racketeering' with enough specificity to show there is probable cause the crimes were committed." *Tal v. Hogan*, 453 F.3d 1244, 1262 n.17 (10th Cir. 2006) (citing *Bache Halsey Stuart Shields, Inc., v. Tracy*

*Collins Bank & Trust Co.*, 558 F. Supp. 1042, 1045 (D. Utah 1983)).  "To be indictable [the indictable acts] must be 'well-founded' and based on probable cause." *Id.*

The Amended Complaint is bereft of any facts which could satisfy any of the above requirements. The Amended Complaint does not plead UVU committed any crimes or participated in conduct that could constitute racketeering as defined under the RICO Act. *See* 18 U.S.C. § 1961(1). At most, Cracraft alleges that some UVU instructors required students to sign away their intellectual property rights in their responses to assignments and tests, and that Cracraft had a meeting where someone who claimed to represent UVU, and who purportedly had a UVU e-mail address, but didn't actually represent UVU, made Cracraft sign something he did not read but believed was a condition of graduation.

Requiring students to relinquish intellectual property on their papers and tests in class is not an indictable act.  Making a student sign a document (with unknown contents) in shady circumstances is not an indictable act.  Asking incomplete information on surveys is not an indictable act. Without any description of criminal conduct, Cracraft is unable to overcome the first hurdle to establishing his claim and the Amended Complaint should be dismissed.

### 2.1.2.   An Enterprise

18 U.S.C. § 1961(4) defines the meaning of enterprise within the statutory scheme. Because UVU is a legal entity, Cracraft's Amended Complaint satisfies this requirement. But simply naming a legal entity and making vague and unfounded allegations of conspiracy or extortion is not enough to state a claim, and the Amended Complaint should be dismissed.

### 2.1.3.   Through A Pattern

Subsection (5) defines "pattern" as being at least two acts of racketeering activity which occur within ten years of each other. 18 U.S.C. § 1961(5). The Amended Complaint does not allege any facts from which one could conclude that UVU committed two or more acts of racketeering. Cracraft alleges that the class requirement of signing over his intellectual property rights in his English class that he took numerous times equaled a pattern of extortion. As described below, agreeing to a class requirement that applies to all of the students in the class is not extortion. As such, the Amended Complaint fails to state a claim under the RICO statutes and must be dismissed.

### 2.1.4.   Of Racketeering Activity

Section 1951 of the United States Code defines extortion as the obtaining of property from another without his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under official right. 18 U.S.C. § 1951(b)(2). Cracraft makes allegations that he and other students were extorted by the class requirements in an English class. There is no wrongful use of actual or threatened force, violence or fear in such a demand. This is not extortion.

Additionally, the allegations about his meeting with Mr. Van Woerkom cannot support a charge of extortion. He states that he met with someone whom he believed was affiliated with the University and signed a document that he did not read, but believed he needed to sign in order to graduate. However, Cracraft admits that UVU has never had a working relationship with Mr. Van Woerkom, nor was Mr. Van Woerkom authorized to act on UVU's behalf. These claims

19

also fall short of supporting a claim that UVU extorted him. His Amended Complaint fails to allege facts sufficient to make a RICO claim and must be dismissed.

### 2.2.    Any Implied Patent Infringement Cause of Action Fails

Construing the Amended Complaint as one seeking relief under the Patent Act, Cracraft again fails to state a claim. To raise an infringement claim, Cracraft must have secured a patent. *See* 35 U.S.C. § 271.  As he has admitted, he has no patent on the specific algorithm at issue.  To the extent that he intends to assert any other patent-related tort claim, he has not alleged what UVU did to affect any of his intellectual property rights or why UVU should be liable. *See Iqbal*, 556 U.S. at 678.  The Court should not allow Cracraft to proceed on any sort of patent infringement, or related patent tort, theory.

### 2.3.    Any State Tort Claim Fails.

In his remedy section, Plaintiff mentions "unjust enrichment" and "damage to [his] credibility" as damages. Compl. at 7.  To the extent the Court treats this as invoking state tort law, those claims fail as well.

To state a claim for unjust enrichment under Utah law, a plaintiff must plead facts showing "(1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value." *Concrete Prods. Co. v. Salt Lake Cnty.*, 734 P.2d 910, 911 (Utah 1987) (citations and quotation omitted).  Cracraft has not pleaded that UVU is the "conferee"—at most, he claims that *unidentified person(s)* had the benefit of his algorithm and patented it in South Korea and then in the United States.  He has not pleaded how any "benefit" (assumed to be the

algorithm) was conferred to UVU, that UVU knew of the benefit, or that the equities require some sort of payment.  This cannot be the basis of a claim against UVU.

For a defamation claim, a plaintiff must demonstrate "(1) the defendant published the statements [in print or orally]; (2) the statements were false; (3) the statements were not subject to privilege; (4) the statements were published with a requisite degree of fault; and (5) the statements resulted in damages." *Oman v. Davis Sch. Dist.*, 2008 UT 70, ¶ 68, 194 P.3d 956, 972 (citations and quotations omitted) (brackets in original).  Cracraft has not even identified a *statement*, much less an unprivileged, false statement published to others with the requisite degree of fault that resulted in damages. And, it is clear from the face of the Amended Complaint that UVU made no such false statement that could or did harm Plaintiff's reputation.

If the Court were to construe Cracraft's Amended Complaint as stating state common law torts, those allegations fail to state a claim.  No matter how construed, Cracraft's Amended Complaint fails to state a claim, and the case should be dismissed.

### 3.  The Claims Should Be Dismissed With Prejudice.

This case should be dismissed with prejudice. Because it "requires an evaluation of the substance of the complaint," dismissal following a Rule 12(b)(6) motion is "an adjudication on the merits …." *Slocum v. Corp. Exp. U.S., Inc.*, 446 F. App'x 957, 960 (10th Cir. 2011) (not selected for publication); *see also* Fed. R. Civ. P. 41(b).

Dismissal with prejudice is especially appropriate in this case. If a claim is barred by the statute of limitations, dismissal with prejudice is the appropriate legal remedy.  *Gee*, 627 F.3d at 1195; *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190–91 (10th Cir. 2014). Because

the claims here clearly are barred by the applicable statutes of limitations, dismissal should be with prejudice.

Second, the case should be dismissed with prejudice because Cracraft has already had plenty of bites at the apple and has consistently failed to state a valid claim against UVU. Cracraft has previously filed a lawsuit alleging essentially the same facts and same legal claims. He voluntarily dismissed that case against UVU, without prejudice.  When a plaintiff has been given ample opportunity to attempt to plead causes of action, through multiple versions of complaints and multiple lawsuits, a dismissal under 12(b)(6) should be a judgment on the merits. *See C.G. v. City of Ft. Lupton*, No. 13-cv-01053-REB-CBS, 2014 WL 2597165, at * 1 (D. Colo. June 10, 2014 (adopting recommendation). That is what has happened here, and therefore Cracraft's Amended Complaint should be dismissed with prejudice.

## CONCLUSION

The Amended Complaint lacks the requisite specificity to state a legally cognizable claim under state or federal law. Further, any claim which might have existed is now barred by the statute of limitations. The Complaint should be dismissed with prejudice.

DATED: June 17, 2020.

Utah Office of the Attorney General

/s/ Kyle J. Kaiser
KYLE J. KAISER
Assistant Utah Attorney General
*Attorney for Defendant UVU*

## CERTIFICATE OF MAILING

I certify that on June 17, 2020, I electronically filed the foregoing, **MOTION TO**

**DISMISS**, using the Court's CM/ECF system. Due to Covid-19 related office closures, copies of

this **MOTION TO DISMISS** and all cases not selected for publication in an official reporter

will be mailed via U.S. mail on June 22, 2020, to the following:

Travis Cracraft
770 Brighton Cir.
Port Barrington, IL 60010
*Pro Se*

          */s/ Mindy D. Fowler*