Travis Cracraft
3653 S. Redmaple Rd.
Millcreek, UT 84106
tjcracraft@gmail.com
(801) 885-8998

FILED US District Court-UT
AUG 12 '20 PM 04:24

Brief in Opposition to Motion to Dismiss

# UNITED STATES DISTRICT COURT
for the
District of Utah
Central Division

| | | |
|---|---|---|
| TRAVIS CRACRAFT | ) ) ) | Case No.  2:19-cv-00397 |
| | ) | Judge:  Tena Campbell |
| -v- | ) ) ) ) | BRIEF IN OPPOSITION TO DEFENDANT UVU'S MOTION TO DISMISS |
| UTAH VALLEY UNIVERSITY, a public university and JARED LESSER dba JL HOME DESIGN | ) ) ) ) ) ) ) ) | |

## BRIEF IN OPPOSITION TO MOTION TO DISMISS

I believe that Claim #5 accuses UVU of committing fraud which cost me at least $200,000 with reasonable clarity. My claims are not time barred because of the injury-discovery rule and because UVU concealed their crime with other crimes, including conspiring to with Dan Van Woerkom commit extortion and omitting answers to direct questions I asked in 2016, which tolled the statute of limitations.

### RULE 9

I have alleged that I was injured when UVU and Mr. Lesser engaged in fraudulent transactions with Samsung to which I was not a party. Because I was not a party and these transaction were concealed from me, it

is fundamentally impossible for me to plead them with particularity without discovery. If the Court were to dismiss this case because Rule 9(b) had been extended to a cover transactions to which I could not have any knowledge, I would have been deprived of my property without due process of law, in violation of the fifth and fourteenth amendments to the U.S. Constitution.

## SAMSUNG'S PATENTS

Samsung's 2003 South Korean patent, which was written in Korean, does not serve as any kind of notice.

In regard to Samsung's 2008 US patent, UVU would need to have shown that an investigation by a reasonably diligent and intelligent person would have discovered a connection between UVU and Samsung through which they were transferring intellectual property. To do so, they would have to show how that intelligent and diligent person would have found that connection. UVU has not done either. They seem to simply argue that because a multi-billion dollar corporation, on the other side of the planet, was granted a US patent five years after I took a quiz in a computer science class, I should have known that I had been stolen from. Additionally, I strongly suspect that demonstrating the possibility of such an investigation would force their statute-of-limitations argument to become an affirmative defense.

## ENTERPRISE

I am not accusing UVU and Mr. Lesser of being a racketeering enterprise. I am accusing UVU of being a racketeering enterprise and Mr. Lesser of having knowingly accepted the proceeds of racketeering. Communication between them was enabled by me when I provided Mr. Lesser's contact information on the employment surveys that were listed in the Complaint.

## SPECULATIVE HOPE

I am not making "assertions of speculative hope" because I have demonstrated probable cause. I have provided a number of possibilities about what the documents will say because I realize that there is a significant difference between what happened and what documents written by parties who were actively engaged in fraud will "prove" happened. While Samsung almost certainly left itself in a position to be able to say that they had been presented documents with my signature on them and they were acting in good faith, the possibilities of

what the documents will actually say increase dramatically if they were not acting in good faith.

## AN EXCEPTIONAL CASE

UVU appears to have argued that in order for me to invoke the injury-discovery rule, it is not sufficient for me to have described why I could not have known of my injuries at the time that they occurred, but that I needed to use the word 'exceptional' when doing so. That a person was injured by fraudulent transactions to which they were not a party and that the injury was such that it couldn't be noticed is 'exceptional.'

## CONCLUSION

UVU refuses to recognize that I was not injured because Samsung got a patent. I was injured because that patent was derived from my intellectual labor. It was therefore impossible to know that I'd been injured without knowing that UVU and Mr. Lesser were dealing with Samsung, which they concealed from me. Or, that Mr. Lesser had received payment he shouldn't have for my work, which he used to buy a property that has never been in his name. It was discovering the mechanisms of the theft in 2016 that led to the discovery of my injury, making this an injury-discovery case.

Furthermore, because I have demonstrated probable cause, the dismissal of the case against UVU for my failure to plead information concealed from me in this "exceptional" case would deprive me of my property without due process of law, violating my constitutional rights. UVU's motion to dismiss should be denied.

RESPECTFULLY SUBMITTED this 12th day of August, 2020.

Date of signing:        08/12/2020

Signature of Plaintiff   _____

Printed Name of Plaintiff   Travis Cracraft

## CERTIFICATE OF MAILING

I certify that on August 12th, 2020, I mailed copies of the foregoing BRIEF IN OPPOSITION TO DEFENDANT UVU'S MOTION TO DISMISS to:

Jared Lesser
97 E. 200 N.
American Fork, UT 84003

Kyle Kaiser
P.O. Box 140856
Salt Lake City, UT 84114-0856

_____
Travis Cracraft