IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRAVIS CRACRAFT,<br><br>         Plaintiff,<br><br>vs.<br><br>UTAH VALLEY UNIVERSITY, and JARED LESSER d/b/a JL HOME DESIGN,<br><br>         Defendants. | ORDER AND<br>MEMORANDUM DECISION<br>DENYING MOTION FOR SANCTIONS<br>UNDER 28 U.S.C. § 1927<br><br>Case No. 2:19-cv-397 |

Pro se plaintiff Travis Cracraft has filed a motion asking the court to sanction the attorneys for Defendant Utah Valley University (UVU) under 28 U.S.C. § 1927. For the reasons set forth below, the court DENIES his Motion.

Mr. Cracraft asserts that "UVU filed documents which contained frivolous arguments in order to unduly burden [him] as a Pro Se plaintiff." (Mot. for Sanctions Under 28 U.S.C. § 1927 at 1, ECF No. 36.) He refers to the actions as "vexatiousness." (Id. at 1.)

The statutory provision on which he relies is titled "Counsel's Liability for Excessive Costs." It allows the court to sanction attorneys in specific and narrow circumstances:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally

1

>the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Mr. Cracraft complains about the content of certain briefs the UVU attorneys filed on behalf of their client. Specifically, he focuses on UVU's Reply in support of its motion to dismiss and on its memorandum opposing his motion to amend the complaint. (Mot. at 1, 3.)

Concerning UVU's Reply Memorandum, he appears to argue that the attorneys misconstrued and misrepresented his argument about application of the injury-discovery rule to the RICO statute of limitations. He also asserts that UVU "omitted critical details" in its argument for dismissal, consequently limiting his response time and preventing him from doing "better … legal research" and "better" arguing his case "in response." (Id. at 2.) Additionally, he maintains that if he had more time, he "would have been able to better amend the Complaint including allegations other than fraud[,] [s]uch as claiming that UVU, as agents of the State of Utah, violated the 14th Amendment to the Constitution by depriving me of my property without due process." (Id.)

He also complains about UVU's brief opposing his motion to amend. Taking exception to UVU's argument that his motion should be denied because he knew of facts at the time he drafted his complaint but failed to include them, he says this argument is "frivolous because it was they who complained that the Complaint was 'legally incognizable.'" (Mot. at 3.)

And finally, Mr. Cracraft makes a more general argument. According to him, the alleged "vexatiousness has cost [him] significant amounts of time and expense, and … [a]s a result, [he] will likely be forced to file an appeal, which will increase both cost to [him] and increase the burden on the judicial system." (Mot. at 3.)

2

The court should only impose sanctions under § 1927 "in instances evidencing a serious and standard disregard for the orderly process of justice." White v. Am. Airlines, Inc., 915 F.2d 1414, 1427 (10th Cir. 1990) (citations and quotation marks omitted).  The attorney's conduct should be "conduct that, viewed objectively, manifests either intentional or reckless disregard for the attorney's duties to the court."  Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc).

The content of UVU's briefs simply does not rise to the level of sanctionable conduct contemplated by § 1927.  To begin, the court finds that nothing the UVU attorneys did or said unreasonably limited or prevented Mr. Cracraft's opportunity to file a due process claim against UVU.  In addition, the UVU attorneys' written advocacy was just that: colorable arguments made on behalf of their client.  And if Mr. Cracraft believes UVU's arguments were erroneous and that an appeal is necessary to vindicate his rights, that is the usual track of a contested issue.  His anticipated need to appeal is neither a "harm" to him nor a harm to the system that would warrant the sanctions he seeks.

The court does "not take sanction decisions lightly."  Lewis v. Circuit City Stores, Inc., 500 F.3d 1140, 1153 (10th Cir. 2007).  The standard for imposing sanctions is high.

> This is an "extreme standard," and fees should be awarded "only in instances evidencing a serious and standard disregard for the orderly process of justice." AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir.1997) (internal quotation marks omitted). Thus, courts must "strictly construe[ ]" the statute to guard against "dampen[ing] the legitimate zeal of an attorney in representing his client." Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir.1987) (en banc).

Baca v. Berry, 806 F.3d 1262, 1268 (10th Cir. 2015).

In Lewis, the Tenth Circuit described instances of sanctioned conduct, and in all of those situations, the attorneys' actions far surpassed anything Mr. Cracraft accuses the UVU attorneys of doing or arguing.  In that case, the Tenth Circuit, after reviewing the examples of past sanction

3

awards, declined to sanction under 28 U.S.C. § 1927.  It found that even if the attorney's arguments in that case were meritless, they were not frivolous, and the attorney's "conduct and briefing were [not] so <u>beyond the pale of acceptable advocacy</u> as to warrant sanctions against him personally."  <u>Lewis</u>, 500 F.3d at 1153 (emphasis added).

Here, Mr. Cracraft has not shown that UVU's attorneys acted beyond the pale of acceptable advocacy.  Without evidence of unreasonably- or vexatiously-multiplied proceedings, the court will not impose the sanctions he requests.

## ORDER

For the reasons set forth above, pro se plaintiff Travis Cracraft's Motion for Sanctions Under 28 U.S.C. § 1927 (ECF No. 36) is DENIED.

DATED this 28th day of September, 2020.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge