IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRAVIS CRACRAFT,<br><br>                     Plaintiff,<br><br>vs.<br><br>UTAH VALLEY UNIVERSITY, and JARED LESSER d/b/a JL HOME DESIGN,<br><br>                     Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:19-cv-397-TC |

On October 23, 2020, this court granted final judgment in favor of Defendants Utah Valley University (UVU) and Jared Lesser and closed the case. (See ECF No. 49.) On November 18, 2020, pro se Plaintiff Travis Cracraft filed his "Motion to Reinstate or Reopen Case" (ECF No. 50), asserting for the first time that he should be allowed to file a Fourteenth Amendment due process claim against the Defendants. After that motion was fully briefed, he filed a Motion to Amend Complaint (ECF No. 56). For the reasons set forth below, the court denies Mr. Cracraft's motion to reopen the case and denies his motion to amend as moot.

## **PROCEDURAL BACKGROUND**

Mr. Cracraft's motions to reopen the case and to amend his complaint follow a pattern that emerged during the case: He created a moving target in an attempt to avoid dismissal. He did that by filing multiple documents—many late, many supplemental, and most in violation of

1

the procedural rules—to address, after the fact, faults in his pleadings that the Defendants or the court articulated in briefs and orders, or to expand his arguments.

His first attempt to state claims against the Defendants began in an earlier suit against UVU and Mr. Lesser in which he alleged the same civil RICO claim asserted in his amended complaint here.  (See Compl. in Cracraft v. UVU, 2:19-cv-124-TC (D. Utah), ECF No. 1.)  In that case, after UVU filed a motion to dismiss the complaint, Mr. Cracraft unilaterally dismissed UVU and Mr. Lesser without prejudice. (See Apr. 12, 2019 Notice of Voluntary Dismissal in Cracraft v. UVU, 2:19-cv-124-TC (D. Utah), ECF No. 8; May 30, 2019 Order (granting Mr. Cracraft's request to dismiss remaining claims against Jared Lesser without prejudice) in Cracraft v. UVU, 2:19-cv-124-TC (D. Utah), ECF No. 17.)

One week later, he filed this suit.  But when six months lapsed with no activity, the court ordered him, in December 2019, to show cause why it should not dismiss his case for failure to serve the Defendants with the complaint.  (See Dec. 23, 2019 Order to Show Cause (OSC), ECF No. 3.)  In his response to the OSC, Mr. Cracraft admitted that his complaint had flaws and that he was giving himself more time to figure out how to avoid dismissal:

> The main obstacle that has prevented me from serving the defendants is the knowledge that my complaint contains several defects that I need to rectify. …
> My plan is to delay serving the defendants until I am better prepared to respond [to any motion to dismiss] with an amended complaint.

(Jan. 24, 2020 Resp. to OSC at 1, ECF No. 6.)  The court found this was not sufficient reason to avoid his obligations under the Federal Rules of Civil Procedure.  (Apr. 16, 2020 Order, ECF No. 12.)  Upon order of the court, he served the Defendants. (See May 5, 2020 Summons, ECF Nos. 13-14.)

On June 2, 2020, before UVU had an opportunity to file a responsive pleading, Mr. Cracraft amended his complaint. (See ECF No. 20.)  As Mr. Cracraft anticipated, UVU

2

responded on June 17, 2020, with a motion to dismiss. But before that motion was fully briefed, Mr. Cracraft moved to amend his complaint again (ECF No. 26).

In Mr. Cracraft's briefs opposing dismissal and asking for leave to amend, he did not mention a Fourteenth Amendment due process claim.[1] But while briefing was underway on those motions, he filed a motion for sanctions against UVU in which he did refer to due process. He asserted that UVU's motion and arguments prevented him, in some unexplained way, from raising a Fourteenth Amendment claim:

> I also would have been able to better amend the Complaint including allegations other than fraud. Such as claiming that UVU, as agents of the State of Utah, violated the 14th Amendment to the Constitution by depriving me of my property without due process. To the best of my knowledge, I cannot move to amend the Complaint again until after the previous motion has been ruled upon.

(Aug. 21, 2020 Mot. to Sanction Under Title 28 U.S.C. Section 1927 at 2, ECF No. 36.) The court denied the motion for sanctions and found "that nothing the UVU attorneys did or said unreasonably limited or prevented Mr. Cracraft's opportunity to file a due process claim against UVU." (Sept. 29, 2020 Order & Mem. Decision at 3, ECF No. 45.)

On October 19, 2020, the court granted UVU's motion to dismiss and denied Mr. Cracraft's motion to amend. (See ECF No. 46, ("Dismissal Order").) At the beginning of that order, the court explained that Mr. Cracraft's reply in support of his motion to amend did not comply with the court's filing requirements.

> [T]he court will not consider Mr. Cracraft's "Reply Memorandum Supporting Plaintiff's Motion to Amend Complaint" (ECF No. 42) because he filed the brief

---

[1] On September 24, 2020, he filed a "Sur-Reply," which was essentially a second opposition to UVU's motion to dismiss. In it, he made a passing reference to due process: "UVU, as agents of the State of Utah, deprived me of intellectual property without due process of law, which violates the 14th amendment to the US Constitution." (Sur-Reply at 2, ECF No. 43.) But the Sur-Reply violated the procedural rules governing filing of briefs: it was Mr. Cracraft's second opposition brief and he filed it one and half months after UVU replied to his original opposition. He did not seek permission to file it. The court struck the pleading and did not review it. (See Sep. 25, 2020 Docket Text Order, ECF No. 44.)

3

> thirty days late. A party may not file a brief outside the time allowed by the rules unless he has permission from the court or a stipulation from the opposing party agreeing to extension of the deadline. See Local Rule DUCivR 7-1(b)(3)(A). Mr. Cracraft had neither.

(Dismissal Order at 1 n.3.)

Mr. Cracraft complains that the court did not fully consider his arguments because it did not review the Reply. At the same time, he acknowledges that the Reply was late due to his mistakes; specifically, he describes his earlier "erroneous attempts to file the document" which resulted in a series of lodged documents that were not part of the record. (Reply Mem. Supporting Mot. to Reopen or Reinstate Case at 2, ECF No. 54.) That does not change the fact that the Reply was not part of the record.

The court, after reviewing the documents that were properly before it, found in the Dismissal Order that Mr. Cracraft's proposed complaint did not state a claim upon which relief may be granted and explained why it would not allow Mr. Cracraft to correct the deficiencies:

> Because this is Mr. Cracraft's fourth attempt to state his civil RICO claim against UVU, the court declines to give him yet another chance to articulate his claim. "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target'" or "to present 'theories seriatim' in an effort to avoid dismissal[.]" Minter v. Prime Equip. Co., 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting Viernow v. Euripides Dev. Corp., 157 F.3d 785, 800 (10th Cir. 1998), and Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994), respectively). See also Fed. Ins. Co. v. Gates Learjet Corp., 823 F.2d 383, 387 (10th Cir. 1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend."). Accordingly, the court grants the motion to dismiss Mr. Cracraft's claim against UVU with prejudice.

(Dismissal Order at 20.)

After the court granted UVU's motion to dismiss, the court granted Mr. Cracraft's subsequent motion to voluntarily dismiss remaining defendant Jared Lesser. (See ECF No. 48.)

Finally, on October 23, 2020, the court entered judgment against Mr. Cracraft in favor of both Defendants and closed the case.  (See ECF No. 49.)

## ANALYSIS

Mr. Cracraft now asks for leave to file a different claim against the Defendants arising out of the same series of events.  He writes, "I had not discovered that claiming that [Defendants] had violated my 14th Amendment protections against an agency of the State of Utah depriving me of my property without due process was a more appropriate cause of action until after I had filed a response to UVU's motion to dismiss and an amended complaint."  (Pl.'s Mot. to Reinstate or Reopen Case at 1, ECF No. 50.)  He then says, "I now believe relief from that judgment in the form of reinstating the case with a better suited cause of action is the best way forward."  (Id. at 2.)

Mr. Cracraft bases his motion on Federal Rule of Civil Procedure 60(b), which allows relief from a final judgment in limited circumstances:

> (1) <u>mistake, inadvertence, surprise, or excusable neglect</u>;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) <u>any other reason that justifies relief.</u>

Fed. R. Civ. P. 60(b) (emphasis added).  Specifically, he relies on Rule 60(b)(1) and Rule 60(b)(6).  But Rule 59(e), not Rule 60(b), applies because he filed his motion within twenty-eight days of the court's judgment.

5

> The Federal Rules of Civil Procedure … allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b). These two rules are distinct; they serve different purposes and produce different consequences. <u>Which rule applies to a motion depends essentially on the time a motion is served.</u> If a motion is served within [twenty-eight] days² of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time it falls under Rule 60(b).

Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991) (emphasis added) (citations omitted).

  1. **Rule 59(e)**

Rule 59(e) simply provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Tenth Circuit has elaborated, saying that "'[t]he purpose [of a Rule 59(e)] motion is to correct manifest errors of law or to present newly discovered evidence.'" Monge v. RG Petro-Machinery (Group) Co. Ltd., 701 F.3d 598, 611 (10th Cir. 2012) (quoting Webber v. Mefford, 43 F.3d 1340, 1345 (10th Cir. 1994)) (citation omitted) (quotations omitted). Such a motion may be granted when (1) there is an intervening change in controlling law, (2) new evidence, which was previously unavailable, has been discovered, or (3) there is a need to correct clear error or prevent manifest injustice. Monge, 701 F.3d at 611.

Mr. Cracraft does not cite to an intervening change in controlling law, present new evidence, or assert clear error. He is left with the argument that failure to reverse the judgment would result in "manifest injustice."

---

² At the time the appellate court wrote its decision in Van Skiver, the rule required that the motion be filed within ten days of the judgment. The current rule's deadline is twenty-eight days.

According to Mr. Cracraft, he was not aware that he could bring a Fourteenth Amendment claim against UVU until it was too late. He contends that his ignorance of that potential claim justifies reversal of the judgment.

But nothing prevented Mr. Cracraft from asserting a due process claim before the gears of UVU's request for dismissal were in motion. The information he says forms the basis for his claim was available to him before he filed this suit.

He claims his pro se status and ignorance of the law are reasons to make an exception. But his pro se status does not excuse him from assessing the legal and factual basis for his claims before he files the initial complaint or an amended complaint. See Myles v. United States, 416 F.3d 551, 552–53 (7th Cir. 2005) ("[P]ro se litigants are masters of their own complaints and may choose who to sue—or not to sue. … 'District judges have no obligation to act as counsel or paralegal to pro se litigants.'") (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). Even if the idea did not occur to him until much later, that does not excuse his responsibility to educate himself about the potential legal claims he could raise.

The purpose of Rule 59(e) is to correct clear error or prevent manifest injustice. Monge, 701 F.3d at 611. "[M]anifest injustice must entail more than just a clear and certain prejudice to the moving party …. [It requires] a result that is fundamentally unfair in light of governing law." Slate v. Am. Broad. Cos., 12 F. Supp. 3d 30, 35–36 (D.D.C. 2013). Even given Mr. Cracraft's pro se status, a denial of his request to remedy the consequences of his procedural missteps and failure to recognize the nature of claims available to him is not fundamentally unfair.

**2. Rule 60(b)**

Even if Rule 60(b) applied, Mr. Cracraft has not established mistake, inadvertence, surprise, or excusable neglect (Rule 60(b)(1)), or any other reason that might justify the relief he seeks (Rule 60(b)(6)).

Mr. Cracraft says he "made mistakes that prevented some of [his] arguments from being considered" because the arguments were contained in documents the court declined to consider for failure to comply with the procedural rules. (Reply in Support of Mot. to Reinstate or Reopen Case at 2, ECF No. 54.[3]) He characterizes those mistakes as "inadvertent" errors that "should be covered by the excusable neglect of a non-attorney, pro se litigant." (Id. at 1.) He also asserts that he made a "mistake in fact" because some "common problems with [the nature of] email … led to [his] incorrect evaluation of the evidence against UVU[.]" (Id. at 2.) The rest of his Rule 60(b)(1) discussion focuses on evidence (not newly discovered) and presents new argument and theories to support the substance of his original claim.

The circumstances he describes do not fall into the categories of "mistake," "inadvertence," and "excusable neglect." For instance, "the kinds of mistakes by a party that may be raised by a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against…" Cashner v. Freedom Stores, 98 F.3d 572, 577 (10th Cir. 1996). Failure to comply with procedural rules, even if inadvertent, does not qualify for reversal. Pro se litigants

---

[3] After Mr. Cracraft filed his reply in support of his motion to reopen the case, he filed a procedurally improper amended reply. (See Am. Reply Mem. in Support of Mot. to Reopen or Reinstate Case, ECF No. 55.) In that brief, he raises additional arguments that suggest he would like to assert a claim for unjust enrichment as well. But in all other respects, it appears to track the Rule 60(b) arguments presented in his original reply. At any rate, it does not change the court's conclusion.

are not excused from the obligation to understand and comply with the procedural rules of the court.

> While we of course liberally construe pro se pleadings, an appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure. See Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir.1994) (citing several cases for principle that pro se parties must comply with same procedural rules that govern all other litigants).

Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994).

As for his "mistake of fact," it too falls outside Rule 60(b)'s narrow scope. Mr. Cracraft's misunderstanding of his own evidence does not justify reopening the case.

In the remainder of his brief, he argues that the court should reconsider the dismissal of his RICO claim. He says "inaccuracies" in the Dismissal Order were the result of his failure to adequately argue the points. (Reply Mem. in Support of Mot. to Reopen or Reinstate Case at 5.) He reflects that it was "obvious" to him now that had he re-worded and expanded his argument to include a discussion of patent law (among other topics), the court would have been convinced that his RICO claim was plausible. He follows that up with more argument to support his claim against UVU, presumably to fill what he perceived to be gaps in his earlier briefs.

A Rule 60(b) "motion from relief from judgment is an extraordinary remedy and may be granted only in extraordinary circumstances." Jackson v. Los Lunas Cmty. Program, 880 F.3d 1176, 1191–92 (10th Cir. 2018). Relief under that rule is only appropriate "when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." Cashner v. Freedom Stores Inc., 98 F.3d 572, 580 (10th Cir. 1996) (quoting Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1147 (10th Cir. 1990)).

Mr. Cracraft has not established extraordinary circumstances. Holes in evidence and inferior argument are not unusual or compelling enough to justify the relief he seeks. Neither are

9

the consequences a litigant suffers when he fails to follow procedural rules. And his failure to recognize a legal theory that he believes is valid because of information he had when he filed this suit is also not sufficient to justify reopening the case. See id. at 577 ("[T]he kinds of mistakes by a party that may be raised by a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against…").

Mr. Cracraft wants another bite at the apple. But "[t]here is a limit to how many bites even a pro se plaintiff can have at the apple[.]" Fuentes v. Chavez, 314 F. App'x 143, 145 (10th Cir. 2009).

"A motion for reconsideration based on Rule 59(e) or Rule 60(b) is not the proper vehicle for asserting a new claim for the first time." Dean v. City of Bay City, Mich., 239 F. App'x 107, 111 (6th Cir. 2017). Those rules do not "allow the losing party to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial Inc., 899 F.2d 119, 123 (1st Cir. 1990) (citing FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)).

Mr. Cracraft has had multiple opportunities to assert claims against the Defendants. His apparent misunderstanding or ignorance of legal claims—which, according to him, are based on facts he already knew—is not reason to allow him to serially amend his complaint, particularly after final judgment has been entered. His pro se status does not change the court's conclusion. "[A] willfully unrepresented plaintiff volitionally assumes the risks and accepts the hazards which accompany self-representation." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 561 (6th Cir. 2000). In short, Mr. Cracraft has not provided reason to grant the extraordinary remedy he seeks.

10

**ORDER**

For the foregoing reasons, Plaintiff Travis Cracraft's Motion to Reinstate or Reopen Case (ECF No. 50) is DENIED and his Motion to Amend (ECF No. 56) is DENIED AS MOOT.

DATED this 9th day of March, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge