**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**November 24, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

TRAVIS CRACRAFT,

      Plaintiff - Appellant,

v.

UTAH VALLEY UNIVERSITY; JARED
LESSER, d/b/a JL Home Design,

      Defendants - Appellees.

No. 21-4031
(D.C. No. 2:19-CV-00397-TC)
(D. Utah)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Travis Cracraft, appearing pro se, appeals the district court's order dismissing

his complaint as time-barred and inadequately pled. He also appeals the order

denying his post-judgment motions to reopen and for leave to amend his complaint.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

# I.    Background

Cracraft filed this lawsuit against Utah Valley University (UVU) and Jared Lesser, asserting claims against both defendants for violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1962, 1964(c), stemming from their alleged theft of his intellectual property.[1]  He filed an amended complaint about a year later.  The following summary is derived from the allegations in the amended complaint, and in the proposed second amended complaint he submitted with the motion to amend filed in response to UVU's motion to dismiss.  Because Cracraft does not appeal the dismissal of his claim against Lesser, we focus on his allegations against UVU and discuss the allegations against Lesser only to provide context.

Cracraft was a student at UVU from 2003 through 2012.  He alleged that UVU stole an algorithm he wrote in response to an exam question in 2003, an algorithm that his instructor recognized was "novel."  R. at 24.  An algorithm "derived from" the one he wrote was patented in South Korea by Samsung a few months later and in the United States in 2008.  *Id.*  He alleged that Samsung obtained the 2003 patent after purchasing the algorithm from UVU.  Sometime after allegedly stealing the algorithm, UVU allegedly attempted to bribe Cracraft to stop criticizing UVU in ways that hurt its accreditation.

---

[1] This is Cracraft's second lawsuit asserting RICO claims against UVU and Lesser.  He filed the first suit in February 2019, but he voluntarily dismissed it without prejudice after UVU filed a motion to dismiss on many of the same grounds it sought dismissal of the complaint at issue here.

Meanwhile, from 2004 to 2007, Cracraft worked for Lesser and his company (collectively Lesser) as a house plan designer.  In 2006, he signed a document "back-dated" to 2002, acknowledging that any intellectual property he developed belonged to Lesser.  R. at 25.  Soon thereafter, Cracraft revealed in response to a UVU survey about his employment that his employer owned the intellectual property he developed in the scope of his employment.  He alleged that "[a]fter reasonable discovery and investigation," he would show that Lesser fraudulently represented to Samsung or UVU that he (Lesser) owned the intellectual property rights to the algorithm and sold those rights to Samsung or UVU.  R. at 91.

In 2007, Lesser purchased an office building and a house with cash.  He put one of the properties in the name of a shell company that "exist[ed] to hide assets that [he] obtained illegitimately."  R. at 26.

Between 2006 and 2011, UVU required Cracraft to "relinquish the intellectual property rights to the work [he] submit[ted]" for certain required courses, *id.*, a practice he claimed constituted a "pattern of intellectual property theft by extortion," R. at 27.  In 2006 campus police searched him before one of those classes and he speculated that the reason for the search was to prevent the demand for intellectual property from being recorded.

In 2012, Cracraft received an email about a mandatory pre-graduation meeting to be held in March 2012.  At the meeting, Dan Van Woerkom, who said he worked for the Utah State Attorney General's Office as counsel for UVU, gave Cracraft a document he was required to sign in order to graduate.  Cracraft signed the

document, which he could not read in the dimly lit meeting room and which he now believes was a backdated affidavit to establish prior invention dates under federal regulations governing patent applications. He alleged that the threat to block his graduation unless he signed the document was extortion. He further alleged that the meeting was evidence that UVU and Lesser, whom Van Woerkom had defended "against allegations of intellectual property theft," "conspired" to "retroactively and fraudulently legitimize their theft . . . so they could pretend they'd acquired" the algorithm legally. R. at 28 (internal quotation marks omitted).

In April 2016, Cracraft sent an email to a paralegal with UVU's Office of General Counsel describing what happened at the March 2012 meeting. In response, UVU denied knowledge of the meeting and the Van Woerkom document, and further indicated that Van Woerkom had no connection with UVU. Cracraft alleged UVU and/or the Utah Attorney General's Office "must have intentionally given Mr. Van Woerkom . . . an email account attached to [UVU's] domain name for the purpose of committing wire fraud to lure [Cracraft] to [the] meeting . . . [and] extort a signature from [him]." *Id.* This, Cracraft alleged, "demonstrate[d] knowledge of guilt" and that UVU was "still endeavoring to hide" its theft of his algorithm. *Id.*

UVU moved to dismiss the claim against it under Fed. R. Civ. P. 12(b)(6) as barred by the statute of limitations and for failure to plead a plausible RICO claim with the specificity required under Fed. R. Civ. P. 9(b). In response, Cracraft maintained his claim was timely under the injury discovery rule and sought leave to file the proposed second amended complaint to cure the pleading deficiencies.

The district court dismissed the complaint as both time-barred and inadequately pled, and it denied the motion to amend as futile, concluding that the proposed second amended complaint still did not satisfy the heightened pleading standards required for a civil RICO claim.  In its dismissal order, the court indicated that it declined to consider Cracraft's reply in support of his motion to amend because it was thirty days late and he did not seek leave to file an untimely reply.  After the court entered judgment, Cracraft moved to reopen the case and to amend the complaint.  The district court denied both motions.  He now appeals.

## II.    Discussion

### 1. Dismissal Order

Cracraft first contends the district court erred by dismissing the complaint and denying his motion to amend in lieu of dismissal.  We conclude the court correctly dismissed the complaint as time-barred.  Accordingly, we need not address Cracraft's arguments that the court erred by dismissing the complaint as inadequately pled and denying his motion to amend, which was aimed at curing the pleading deficiencies.

We review the district court's Rule 12(b)(6) dismissal de novo.  *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1278 (10th Cir. 2021), *cert. denied*, 2021 WL 5167929 (U.S. Nov. 8, 2021) (No. 20-1822).  To survive a motion to dismiss, a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  In conducting our review, we accept all well-pleaded factual allegations as true, view them in the light most favorable to the plaintiff, and draw all reasonable

inferences in his favor. *Brooks*, 985 F.3d at 1281. Because Cracraft is proceeding pro se, we construe his pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the liberal-construction rule does not relieve him of his burden to plead a legally cognizable claim. *Id.*

Although the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), a district court may dismiss a complaint as time-barred under Rule 12(b)(6) if "the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements." *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018). We review de novo whether a district court properly applied a statute of limitations, including its determination of the accrual date. *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005).

The statute of limitations for civil RICO claims is four years from either the discovery of the injury or the date the injury occurred. *See Dummar v. Lummis*, 543 F.3d 614, 621 (10th Cir. 2008). A RICO "injury" is the "harm from the predicate acts that constitute racketeering activity." *Robert L. Kroenlein Tr. ex rel. Alden v. Kirchhefer*, 764 F.3d 1268, 1277 (10th Cir. 2014) (internal quotation marks omitted).

Under the injury-discovery rule "the injury is deemed to be discovered when, in the exercise of reasonable diligence, it could have been discovered." *Id.* at 1275 (internal quotation marks omitted). The rule applies "only in the exceptional case where a reasonably diligent plaintiff could not immediately know of the injury and the cause." *Id.* at 1276 (internal quotation marks omitted). The clock starts when

6

"the plaintiff either has actual or inquiry notice of the injury." *Id.* at 1280. The reasonably diligent plaintiff "standard is an objective one." *Id.* at 1281. Under that standard, "[a] plaintiff is on inquiry notice whenever circumstances exist that would lead a reasonable plaintiff of ordinary intelligence, through the exercise of reasonable due diligence, to discover his or her injury." *Id.* at 1280 (brackets and internal quotation marks omitted). "The plaintiff need not discover *all* elements of the [defendants'] fraudulent scheme to be on notice of the potential of fraud." *Id.*

Here, based on the allegations in Cracraft's complaints, the district court determined that the predicate acts underlying his claim against UVU were theft of intellectual property, bribery, extortion, and wire fraud. The court further determined that those acts and the injury they caused occurred between 2003 and 2012. The court then found as a matter of law that had he exercised due diligence, Cracraft would have known of his injury no later than March 2012, after his meeting with Van Woerkom. And, because he did not file his complaint until 2019, the court concluded his claim was barred under both the injury-occurrence and the injury-discovery rules.

Cracraft does not dispute that the injury occurred between 2003 and 2012 and that his claim is barred under the injury-occurrence rule. Instead, he contends the district court erred in concluding his claim was barred under the injury-discovery rule because a reasonable plaintiff would not have discovered the claim until April 2016, when he received UVU's response to his inquiry about the meeting. We disagree.

The combination of events between 2003 and 2012 would have put a reasonably diligent plaintiff on inquiry notice of the injury no later than the date of

7

the March 2012 meeting.  That Cracraft sent his email inquiry to UVU in 2016 demonstrates as much, given that nothing in his pleadings suggests he learned any new information between 2012 and 2016 that prompted his inquiry.  Thus, in 2012, Cracraft had a duty to investigate.  *See id.* ("Once a plaintiff has inquiry notice of facts that would suggest to a reasonable person that he has been injured, the plaintiff has a duty to commence a diligent investigation concerning that injury.").  And he had four years from that date—or until March 2016—"to determine the proper person against whom to file suit" and to file his complaint.  *Id.* at 1279.

Cracraft's assertion that he did not have all the information he needed to file his claim until the April 2016 email exchange with UVU—about a month after the limitations period expired—does not save his claim.  The critical date for inquiry-notice purposes is the date the plaintiff knows of his injury, not the date when he starts investigating his claim or when he learns all the facts he needs to establish the elements of the claim.  *See Dummar*, 543 F.3d at 621 (it is the "discovery of the injury, not discovery of the other elements of a claim" that "starts the clock" (internal quotation marks omitted)); *Kroenlein*, 764 F.3d at 1279 ("the clock started ticking even though the victim did not definitively know the precise identity of those who caused his injury").  Thus, Cracraft was on inquiry notice by March 2012—when a reasonably diligent plaintiff would have discovered his injury—despite his failure to meaningfully investigate his claim until it was too late.  *See Kroenlein*, 764 F.3d at

1280 ("[W]hen a RICO plaintiff makes no inquiry once the duty arises, knowledge

will be imputed as of the date the duty arose." (internal quotation marks omitted)).[2]

We are not persuaded otherwise by Cracraft's contention that the district court

should have tolled the limitations period based on UVU's alleged concealment of its

conspiracy with Lesser.  Initially, Cracraft did not present this theory in the district

court, and he has given us no reason to make an exception to "the principle that

issues not presented below are forfeited on appeal." *United States v. Jarvis*, 499 F.3d

1196, 1201-02 (10th Cir. 2007).  Thus, we need not consider his new argument. *See,*

*e.g.*, *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 724 (10th Cir. 1993).[3]  Further,

Cracraft's fraudulent concealment theory is just a repackaged challenge to the district

court's inquiry-notice determination, which we have already rejected. *See Dummar*,

543 F.3d at 621 (explaining that a civil RICO claim can be equitably tolled by

---

[2] On appeal, Cracraft maintains he made earlier efforts to investigate his claims, but he concedes his complaints did not allege facts about his pre-2016 investigation.  Thus, we cannot use this new allegation as a basis for overturning the district court's ruling. *See Verlo v. Martinez*, 820 F.3d 1113, 1125 (10th Cir. 2016) (noting that "[a]n appellate court may not consider facts which were not before the district court at the time of the challenged ruling" (ellipsis and internal quotation marks omitted)).  In any event, the date he started investigating his potential claim is immaterial—the issue is when a reasonably diligent plaintiff would have discovered the injury, thus triggering the duty to investigate.

[3] Cracraft's assertions in his opposition to the motion to dismiss that UVU conspired with Lesser to hide its wrongdoing did not preserve his argument that the statute of limitations was equitably tolled by fraudulent concealment. *See Lyons*, 994 F.2d at 721-22 (a vague reference to a point in district court is insufficient to preserve an argument more fully presented on appeal).  Nor did his injury-discovery and inquiry-notice arguments preserve his fraudulent concealment argument. *See id.* at 722 (raising a related argument in district court does not preserve the new argument for appeal).

fraudulent concealment when the defendants successfully concealed their conduct and the plaintiff "did not know or by the exercise of due diligence could not have known that he might have a cause of action" (internal quotation marks omitted)).

We decline to consider Cracraft's one-paragraph argument that "the statute of limitations had not elapsed because of continuing tort," Aplt. Opening Br. at 16 (capitalization omitted), for three reasons. First, he did not raise it in district court, so he did not preserve it for appeal. *See Lyons*, 994 F.2d at 724. Second, it is purely speculative. *See* Aplt. Opening Br. at 16 (alleging that "it is plausible to suspect that [Samsung, UVU and Lesser] continued to be unjustly enriched by regular payments of royalties generated by the patent on [Cracraft's] algorithm," and that it "is likely to have continued until the patent expired"). Third, he cited no supporting authority. *See* Fed. R. App. P. 28(a)(8)(A) (requiring authorities supporting each argument); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (declining to consider inadequately presented arguments).

Finally, Cracraft contends the district court should have allowed him to file a Second Amended Complaint instead of dismissing his claim. But the court denied the motion to further amend as futile because the proposed amendments were insufficient to cure the pleading deficiencies in the First Amended Complaint under the heightened pleading standards for a RICO claim. Cracraft did not claim, either in district court or on appeal, that the proposed amendments would have resolved the statute of limitations problem, so there would have been no basis for the district court to permit him to amend the complaint in lieu of dismissing it on statute of limitations

grounds.  And, having concluded the court correctly dismissed the claim as time-
barred, we need not address the propriety of either its dismissal based on pleading
deficiencies or the denial of the motion to amend as futile.

### 2. Denial of Post-Judgment Motions

We also reject Cracraft's challenges to the district court's order denying his
post-judgment motions to reopen the case and to amend the complaint.

Filing an amended complaint after judgment has entered is impermissible
"until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)."
*The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005)
(internal quotation marks omitted).[4]  Cracraft cited Rule 60(b)(1) and (6) as the basis
for his motion to reopen, but the district court analyzed it under both Rule 60(b) and
Rule 59(e).  Whether construed as a Rule 59(e) or Rule 60(b) motion, we review the
district court's denial of the motion for abuse of discretion.  *See Walters v. Wal-Mart
Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013).  We also apply the abuse of
discretion standard in reviewing the denial of Cracraft's post-judgment motion to
amend the complaint.  *See The Tool Box*, 419 F.3d at 1086-87.

A district court may grant relief under Rule 60(b) "as justice requires" but
"such relief is extraordinary and may only be granted in exceptional circumstances."
*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (internal
quotation marks omitted).  "Grounds warranting a motion to reconsider include (1) an

---

[4] The liberality of Fed. R. Civ. P. 15 does not apply after judgment has been
entered.  *The Tool Box*, 419 F.3d at 1087-88.

intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* at 1012. Such motions may not be used to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* And when a post-judgment motion to amend advances new arguments or relies on facts that were available when the plaintiff filed the original complaint, it "is subject to denial." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (internal quotation marks omitted).

Cracraft moved to reopen the case so that he could file a Fourteenth Amendment due process claim, and he reiterated and elaborated on some of the arguments he made in opposing dismissal. Cracraft also challenged the court's refusal to consider his reply, contending that his untimely filing was the result of his having captioned it incorrectly, which he claimed was the result of mistake, inadvertence, or excusable neglect. His separate motion to amend, like the one he filed with his opposition to the motion to dismiss, sought to amend the complaint to cure the pleading deficiencies that led to the district court's dismissal of this claim as inadequately pled.

The district court denied the motion to reopen because (1) Cracraft's proposed new claim was based on facts that were available when he filed the original complaint, (2) he did not establish that relief was warranted under either Rule 59(e) or Rule 60(b), and (3) "[e]ven given [his] pro se status, a denial of his request to remedy the consequences of his procedural missteps and failure to recognize the

12

nature of claims available to him is not fundamentally unfair." R. at 268. With respect to his argument that the court should reopen the case because its refusal to consider his reply was based on his having captioned it incorrectly, the court explained that the circumstances he described did not warrant relief under Rule 60(b)(1). And, having denied the motion to reopen, the court denied the motion to amend as moot.

Cracraft's arguments about his post-judgment motions reiterate the arguments he made below and do not address the bases for the district court's ruling. We therefore cannot conclude the district court abused its discretion here. The district court's reasons for denying the motion to reopen were sound, and unless it granted that motion, post-judgment amendment of the complaint was not permitted. *See The Tool Box*, 419 F.3d at 1087.

### III.    Conclusion

We affirm the district court's judgment. We need not rule on Cracraft's motions to amend his reply brief because he withdrew them.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

13

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

November 24, 2021

Travis Cracraft
770 Brighton Circle
Port Barrington, IL 60010

**RE:      21-4031, Cracraft v. Utah Valley University, et al**
          Dist/Ag docket: 2:19-CV-00397-TC

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has
entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:      Jared Lesser
         J. Clifford Petersen

CMW/sls