Travis Cracraft
3653 S. Redmaple Rd.
Millcreek, UT 84106
tjcracraft@gmail.com
(801) 885-8998
Pro Se

FILED
2022 MAR 26 PM 9:58
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

for the

District of Utah

Central Division

| | |
|---|---|
| TRAVIS CRACRAFT<br>*Plaintiff*<br><br>-v-<br><br>UTAH VALLEY UNIVERSITY, a public university<br>and<br>JARED LESSER dba JL HOME DESIGN<br>*Defendants* | Case No.  2:19-cv-00397-TC<br><br>**MOTION<br>FOR RETRIAL<br>DUE TO<br>INADEQUATE REPRESENTATION** |

**MOTION**

I, Plaintiff Travis Cracraft, move that the Court order a retrial against *both* Utah Valley University and Jared Lesser under Fed. R. Civ. P. Rule 60(b)(6) because I was inadequately represented.  The Court found that the statute of limitations had expired but did not consider extenuating circumstances due to my procedural missteps.  However, there exists precedent demonstrating that those missteps were permissible when made by a pro se litigant.

**FRAUDULENT CONCEALMENT**

I stated in response to UVU's motion to dismiss (Doc. 25 Pg. 7) that the emails

they sent "constitute acts of concealment and toll the statute of limitations." I reiterated later in the filing writing "UVU responded with emails consistent with acts of concealment, therefore my claims are not time-barred."

In the Tenth Circuit's "Order and Judgment" (Page 9) it stated that it did not consider whether "the district court should have tolled the limitations period based on UVU's alleged concealment of its conspiracy with Lesser" because I "did not present this theory in the district court." The Tenth Circuit clarified in Footnote 3 that this was because "a vague reference to a point in district court is insufficient to preserve an argument more fully presented on appeal."

However, in Haines v. Kerner the Supreme Court decided that:

"[A]llegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (internal quotation marks and citation omitted)

While the Tenth Circuit wrote that because I am "proceeding pro se, [they] construe [my] pleadings liberally," ("Order and Judgment" Pg. 6) stating that a reference was "vague" clearly falls short of "say[ing] with assurance that … it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

## MISLABELING FILINGS

The Ninth Circuit also cited Haines v. Kerner in Hansen v. May, 502 F.2d 728,

730 (9th Cir. 1974) writing that "Pleadings drafted by laymen, proceeding in propria persona, are to be interpreted by the application of less rigid standards than those applied to formal documents prepared by lawyers." For this reason, they specifically found that his filing was valid "[d]espite the labeling."

Therefore, the Court's statement that "Pro se litigants are not excused from the obligation to understand and comply with the procedural rules of the court" (Doc. 58 Pgs. 8,9) is untrue when it comes to the labeling of documents. This would indicate that those "less rigid standards" would also apply to mistakes such as mislabeling of a "reply memorandum" as a "memorandum" as I had done.

However, after further attempts to correct the labeling were also incorrectly labeled or were not timely (Doc. 58 Pgs. 3,4) the Court failed to apply that less rigid standard; even when I wrote that the mistake "should be covered by the excusable neglect of a non-attorney, pro se litigant," (Doc. 58 Pg. 8) which also should have been interpreted liberally.

As a result, Documents 33, 34, and 42 were improperly withheld from the record by the Court or otherwise not considered and that the arguments those documents contained were not considered was an infringement on my right to due process.

## EARLY INVESTIGATION

Because the Court had written that "[I] did no investigation until 2016, and even then, only made one inquiry to UVU," (Doc. 46 Pg. 19) I wrote the "Communication

with UVU" section (Doc. 55, Pg. 3) with the specific goal of demonstrating that the Court's statement was untrue. It described earlier attempts to investigate and the reasons that I stopped contacting UVU. So, while I did not use the "magic words" to state that I had conducted an investigation, a liberal interpretation of a description of an investigation should have indicated that one had occurred.

## REOPENING OF THE CASE AGAINST MR. LESSER

The Tenth Circuit's judgment stated that it did not consider reopening the case against Mr. Lesser because it was not under appeal, but I intended it to be under appeal.

After the Court dismissed UVU, I stated in the motion to dismiss Mr. Lesser that I believed that the "same issues [would] also affect the claims against Mr. Lesser." (Doc. 47 Pg. 1) Upon my determination that the Court's dismissal of UVU was in error, and by extension my reasoning for dismissing the case against Mr. Lesser, I moved that the case be reopened. (Doc. 50)

I specifically moved in the motion to reopen that "the Court [reopen] the action against UVU *and* Jared Lesser" (emphasis added) and concluded the motion similarly naming both UVU and Mr. Lesser. I intended that the statement that I wanted the case against them reopened would function as a withdrawal of the notice to dismiss.

I believed that the Tenth Circuit understood this when it issued a deficiency notice on or about June 16, 2021 because Mr. Lesser, who was named as an appellee, failed to respond to the Opening Brief.

Additionally, my not having attempted to reopen the case against Mr. Lesser would not have made sense because I have always claimed that he ended up with the money, some of which he used to purchase real property that he concealed from the Court.

## CONCLUSION

While the Court construed my pleadings liberally because I am filing pro se, it did not do so in a manner consistent with existing precedent. The arguments against my claims never reached the level of demonstrating that it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

Therefore, this case was handled in a manner inconsistent with the due process of law, which voids the judgment and the Court should grant a retrial.

RESPECTFULLY SUBMITTED by electronic mail this 26th day of March, 2022.

| | |
|---|---|
| Date of signing: | 03/26/2022 |
| Signature | /s Travis Cracraft |
| Printed Name | Travis Cracraft |

CERTIFICATE OF MAILING

I certify that on March 26th, 2022, I submitted to the Court by electronic mail, and placed in outgoing mail copies of the foregoing MOTION FOR RETRIAL DUE TO INADEQUATE REPRESENTATION to:

Jared Lesser
97 E. 200 N.
American Fork, UT 84003

I also sent a copy via electronic mail to:

Kyle Kaiser                kkaiser@agutah.gov

/s Travis Cracraft
Travis Cracraft